J-S72003-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,

Appellee

v.

WILLIAM RESCH,

Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 1382 WDA 2013

Appeal from the PCRA Order Entered July 8, 2013
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0017058-2010

BEFORE:  BENDER, P.J.E., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:              **FILED DECEMBER 2, 2014**

Appellant, William Resch, appeals *pro se* from the July 8, 2013 order

denying his petition for relief filed pursuant to the Post Conviction Relief Act

(PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In January of 2011, Appellant was charged with one count each of

rape, unlawful contact with a minor, incest, endangering the welfare of a

child, indecent assault of a person less than 13 years of age, indecent

assault, and corruption of minors.  He was also charged with two counts

each of aggravated indecent assault and involuntary deviate sexual

intercourse (IDSI).  These charges stemmed from Appellant's sexual abuse

_____

[*] Retired Senior Judge assigned to the Superior Court.

of his biological daughter, beginning when the child was eight years old and continuing until she was seventeen years old.

On January 30, 2012, Appellant entered a plea of *nolo contendere* to the offenses of IDSI and incest. Pursuant to the negotiated plea, the court sentenced him that same day to an aggregate term of nine to eighteen years' incarceration. Appellant did not file post-sentence motions or a direct appeal. Instead, on October 26, 2012, Appellant filed a *pro se* PCRA petition and counsel was appointed. However, rather than filing an amended petition on Appellant's behalf, PCRA counsel filed a petition to withdraw and no-merit letter in accordance with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1998), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). On April 11, 2013, the PCRA court granted counsel's petition to withdraw and issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. Appellant filed a timely *pro se* response. Nevertheless, on July 8, 2013, the court issued an order dismissing Appellant's petition. Appellant filed a timely notice of appeal, as well as a timely Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. In his 27-page Rule 1925(b) statement, Appellant raised approximately 25 issues and sub-issues. The PCRA court issued a Rule 1925(a) opinion on July 17, 2014.

In Appellant's *pro se*, handwritten brief to this Court, he sets forth nine questions for our review:

1.) Whether the [PCRA] court erred in denying any type of [r]elief, as per [*sic*] erred by denying [A]ppellant's PCRA [p]etition?

2.) Whether the [PCRA] court erred in denying counsel to [r]epresent [A]ppellant in the filing of the PCRA [p]etition?

3.) Whether the [PCRA] court erred in denying [] [A]ppellant [l]egal [r]ecords/[d]ocuments to perfect his appeal, and whether it has caused prejudice to [] [A]ppellant?

4.) Whether counsel was ineffective for failure [*sic*] to provide [d]ocumentary [e]vidence to dispute [the] [p]rosecution's claims?

5.) Whether counsel was ineffective for failing to have a [d]irect appeal done for [] [A]ppellant proceeding the sentencing, and whether it caused prejudice to [] [A]ppellant and violated his constitutional [r]ights?

6.) Whether the trial court abused its discretion for not ordering any medical test to determine if the victim was actually sexually active or if perhaps she was still a virgin?

7.) Was [] [A]ppellant's plea rendered unknowingly, and therefore involuntary [*sic*], and unintelligently, due to … counsel's ineffectiveness, and the pressuring of [] [A]ppellant to take the plea deal?

8.) Whether the [PCRA] court erred in denying [] [A]ppellant's amended [PCRA] [p]etition without the benefit of an [e]videntiary [h]earing?

9.) Whether the [t]rial court erred by allowing DNA to be obtain [*sic*] from [A]ppellant, and submitted by an unlicensed [t]echnologist [*sic*]?

Appellant's Brief at 4a-4b.

While Appellant presents nine issues in his statement of the questions section of his brief, his argument is not divided into distinct claims as required by Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued…."). Instead, Appellant presents

one continuous, 36-page, single-spaced argument. Therein, he confusingly intermingles issues and goes from one claim to another (and back again) with no logical transitions. Appellant's failure to adhere to the Rules of Appellate Procedure makes it extremely difficult to review his claims, and could justify this Court's quashing his appeal in its entirety. Nevertheless, we will address the following three claims, which are understandable and sufficiently developed to permit our meaningful review:

> (1) Plea counsel, Scott Coffey, Esq., was ineffective for failing to adequately investigate Appellant's case prior to advising him to plead guilty.

> (2) Attorney Coffey ineffectively pressured Appellant - and the Commonwealth coerced him - into pleading *nolo contendere* by threatening that Appellant would receive a sentence of 50 to 100 years' incarceration if he proceeded to trial.

> (3) Attorney Coffey ineffectively failed to file post-sentence motions and a direct appeal on Appellant's behalf.

Before addressing these assertions, we note that, "[t]his Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Morales**, 701 A.2d 516, 520 (Pa. 1997) (citing **Commonwealth v. Travaglia**, 661 A.2d 352, 356 n.4 (Pa. 1995)). Where, as here, a petitioner claims that he received ineffective assistance of counsel, this Court has stated:

> To prevail on a claim alleging counsel's ineffectiveness under the PCRA, Appellant must demonstrate (1) that the

underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, i.e. there is a reasonable probability that but for the act or omission in question the outcome of the proceedings would have been different.

It is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during trial. However, [a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012) (citations, quotation, and quotation marks omitted). "[T]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily, and intelligently made." [*Commonwealth v.*] *Anderson*, 995 A.2d [1184,] 1192 [(Pa. Super. 2010)] (citations, quotation, and quotation marks omitted). Moreover, with regard to the prejudice prong, where an appellant has entered a guilty plea, the appellant must demonstrate "it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial." *Commonwealth v. Rathfon*, 899 A.2d 365, 370 (Pa. Super. 2006) (quotation and quotation marks omitted).

*Commonwealth v. Timchak*, 69 A.3d 765, 769-770 (Pa. Super. 2013).

First, Appellant avers that Attorney Coffey failed to adequately investigate his case prior to persuading Appellant to plead *nolo contendere*. Appellant claims that had Attorney Coffey done so, he would have discovered various facts and evidence that would have compelled counsel to

- 5 -

"buil[d] a defense" rather than "pressure[] [Appellant] into [entering] a plea...." Appellant's Brief at 15a. Specifically, Appellant claims that Attorney Coffey would have discovered evidence such as unnamed witnesses who could have testified in Appellant's defense; emails from the victim to Appellant, and postings by the victim on social media websites, that ostensibly indicated the victim was recanting her allegations against Appellant; and a February 15, 2011 letter sent to Appellant by Allegheny County Children, Youth and Families (CYF) stating that allegations of sexual abuse by the victim against Appellant were deemed 'unfounded.'

Initially, Appellant does not explain how Attorney Coffey's purported failure to investigate the above-stated facts and evidence resulted in Appellant's entering an involuntary and unknowing plea. As the PCRA court emphasizes, Appellant was aware of all of the evidence he now claims Attorney Coffey failed to review, and he considered that evidence when deciding to enter the plea. Thus, he has not proven that but for Attorney Coffey's conduct, he would not have proceeded to trial. *See Rathfon*, 899 A.2d at 370.

In any event, "counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009) (citation omitted). Appellant has failed to meet this burden. Namely, he did not present any evidence to the PCRA court to support his bald allegation that Attorney Coffey failed to adequately review

his case file. Instead, Appellant simply argued that had counsel done so, he would not have 'pressured' Appellant to enter a plea. However, a letter to Appellant from Attorney Coffey, attached to Appellant's *pro se* PCRA petition, indicates that Attorney Coffey *did* review the case and had reasonable grounds for recommending that Appellant accept the Commonwealth's plea offer. Specifically, Attorney Coffey stated that he spoke at length with Appellant's initial trial counsel, Leslie Perlow, Esq., who informed Attorney Coffey that the victim had "every intention of testifying against" Appellant at trial. **See** Appellant's *Pro Se* PCRA Petition, Exhibit 6 (Letter from Attorney Coffey dated 11/25/11). Attorney Coffey informed Appellant that he believed it was "very likely" that Appellant would be convicted of the eleven charges pending against him if he proceeded to trial. **Id.** Because such a verdict could result in a sentence of up to 50 to 100 years' incarceration, Attorney Coffey urged Appellant to accept the Commonwealth's plea offer of 9 to 18 years' imprisonment. Based on this record, Appellant has failed to overcome the presumption that Attorney Coffey competently reviewed his case before advising him to accept the Commonwealth's plea offer.

Appellant next contends that Attorney Coffey and the Commonwealth coerced him into pleading *nolo contendere* by threatening that he would receive a 50 to 100 year sentence if he chose to proceed to trial. However, nothing in the record supports this claim. In a letter sent to Appellant prior to trial, the Commonwealth notified him that it intended to seek application of mandatory minimum sentences totaling 50 to 100 years' incarceration if

he proceeded to trial and was convicted of all counts with which he was charged. *See* PCO at 10 (citation to the record omitted). This information was not conveyed to Appellant in a threatening manner, but was stated matter-of-factly. At the same time, the Commonwealth offered Appellant a plea deal of 9 to 18 years' imprisonment. Attorney Coffey communicated with Appellant about the Commonwealth's offer in a letter. *See* Appellant's *Pro Se* PCRA Petition, Exhibit 6 (Letter from Attorney Coffey dated 11/25/11). While Attorney Coffey strongly urged Appellant to accept the plea agreement, there was nothing threatening in his tone. *Id.* Having reviewed these letters, the PCRA court concluded that neither the Commonwealth nor Attorney Coffey acted improperly and, thus, Appellant's plea was not coerced. *See* PCO at 10-11 (citation to the record omitted). We ascertain no error in that determination.

Lastly, Appellant maintains that Attorney Coffey acted ineffectively by not filing a post-sentence motion and a direct appeal on Appellant's behalf. Appellant claims that he repeatedly asked Attorney Coffey to file such documents, yet counsel failed to do so. *See* Appellant's Brief at 19a. Appellant also claims that Attorney Coffey ineffectively failed to consult with him about the options for filing a post-sentence motion and a direct appeal. *Id.* at 21a.

In rejecting these ineffectiveness claims, the PCRA court first noted that Appellant was informed of his post-sentence and appellate rights at the conclusion of his plea/sentencing hearing. *See* PCO at 13 (quoting N.T.

- 8 -

Plea/Sentencing, 1/30/12, at 17-18). The court then emphasized that in his PCRA petition, Appellant offered no evidence to demonstrate that he "communicated to counsel any desire to file an appeal." *Id.* at 14. Finally, the court found that, based on the record and the terms of Appellant's negotiated plea agreement, "there would be no basis for counsel to believe that [Appellant] would want to file an appeal." *Id.* Consequently, the court concluded that Attorney Coffey did not act ineffectively.

Again, we ascertain no error in the court's determination. In ***Roe v. Flores-Ortega***, 528 U.S. 470 (2000), the United States Supreme Court held that "counsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rationale defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." ***Id.*** at 480. This Court has also directed that, "[b]efore a court will find ineffectiveness of counsel for failing to file a direct appeal, the defendant must prove that he requested an appeal and that counsel disregarded that request." ***Commonwealth v. Bath***, 907 A.2d 619, 622 (Pa. Super. 2006) (citation omitted).

Here, the record supports the PCRA court's conclusion that Appellant did not prove he requested an appeal and Attorney Coffey disregarded that request. Moreover, we agree with the PCRA court that there is nothing in the record that should have indicated to Attorney Coffey that Appellant may

have wanted to file an appeal. In particular, Appellant entered his *nolo contendere* plea without incident, and received the agreed upon, legal term of incarceration. Accordingly, Appellant has not proven that Attorney Coffey acted ineffectively in this regard.

Order affirmed.

Judge Shogan joins the memorandum.

Judge Strassburger files a dissenting memorandum.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/2/2014